**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO  DIVISION**

| | | |
|---|---|---|
| MORGAN BORNHOLT and VIVIANN ACUNA, individuals, | § § § | Case No.: 5:21-cv-63 |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| vs. | § § | |
| THE PLAYBOY CLUB, LLC; THE PLAYERS CLUB, LLC; SAINT ADAMS MAJESTY AND RONNIE ELIZONDO , an individual, | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs MORGAN BORNHOLT and VIVIANN ACUNA  (Plaintiffs), individually and on behalf of all others similarly situated, allege the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

I.   **NATURE OF THE ACTION**

1.    Plaintiffs allege causes of action against Defendants THE PLAYBOY CLUB, LLC; THE PLAYERS CLUB, LLC, SAINT ADAMS MAJESTY AND RONNIE ELIZONDO (collectively Defendants)  for damages resulting from Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*(FLSA) and illegally absconding with Plaintiffs' tips.

2.    Saint Adams Magesty and Ronnie Elizondo own and operate a strip club under the corporate name The Playboy Club, LLC ( THE PLAYBOY CLUB) .  These causes of action arise from Defendants' willful actions while Plaintiff Morgan Bornholt  was employed by Defendants from approximately December 17, 2018 through March 20, 2020 and while Plaintiff Viviann

Acuna was employed by Defendants from approximately December 13, 2010 through July 4, 2020.  Throughout their employment with Defendants, Plaintiffs have been denied minimum wage payments and denied overtime as part of Defendants scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors." As the Department of Labor explained:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an uneven playing field for employers who properly classify their workers. Although independent contracting relationships can be advantageous for workers and businesses, some employees may be intentionally misclassified as a means to cut costs and avoid compliance with labor laws.[1]

As alleged in more detail below, that is exactly what the Defendant is doing in this case.

3.      Plaintiffs worked at Defendants' principal place of business located at 4000 N PanAm Expressway, San Antonio, Texas 78219

4.      Defendants failed to pay Plaintiffs minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

5.      Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a).

6.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

7.      Plaintiffs bring a collective action to recover the unpaid overtime compensation

---

[1]   *See* DOL Admin. Interp. No. 2015-1, available at http://www.dol.gov/whd/workers/Misclassification/AI- 2015_1.pdf.

and minimum wage owed to them individually and on behalf of all other similarly situated employees, current and former, of THE PLAYBOY CLUB and its owners, The Players Cub, LLC, Saint Adams Majesty and Ronnie Elizondo. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

8.    As a result of Defendants' violations, Plaintiffs and the FLSA Class Members seek to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

## II.    **PARTIES**

9.    Plaintiffs are individual adult residents of the State of Texas. Furthermore, Plaintiffs were employed by THE PLAYBOY CLUB and qualify as "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Their consents to this action are attached hereto as Exhibit 1.

10.    The FLSA Class Members are all current and former exotic dancers who worked at THE PLAYBOY CLUB at any time starting three (3) years before this Complaint was filed, up to the present.

11.    THE PLAYBOY CLUB, L.L.C (THE PLAYBOY CLUB) is a Texas Limited Liability Company with its principal place of business at 4000 N PanAm Expressway, San Antonio,  Texas 78219. At all times mentioned herein, THE PLAYBOY CLUB was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). THE PLAYBOY CLUB may be served via its agent for service of process, James O. Deegear III, PLLC, 5108 Broadway, Suite 220, San Antonio, Texas 78209.

12.    THE PLAYERS CLUB, L.L.C (The Players Club) is a Texas Limited Liability Company with its principal place of business at 4000 N. PanAm Expressway, San Antonio,  Texas

77257. At all times mentioned herein, The Players Club was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). W.L. YORK, INC. may be served via its agent for service of process, James O. Deegear III, 441 Burr Road, San Antonio, Texas 78209-5907.

13.    SAINT ADAMS MAJESTY (Saint Adams.)  is the managing member of The Players Club, L.L.C. and may be served at 4000 PanAm Expressway, San Antonio,  Texas 78219 or wherever he may be found.

14.    RONNIE ELIZONDO (R. Elizondo)  is a Member of  THE PLAYBOY CLUB, LLC may be served at 4000 N. PanAm Expressway, San Antonio, Texas 78219 or wherever he may be found.

15.    Saint Adams and R. Elizondo are the members who executed the policies regarding payment to dancers and management of dancers, including Plaintiffs.  Plaintiffs will also name other individuals who are personally liable under the FLSA.

16.    Saint Adams and R. Elizondo acted directly or indirectly on behalf of THE PLAYBOY CLUB, and, at all times mentioned herein was an "employer" or "joint employer" of Plaintiffs within the meaning of the FLSA. Saint Adams and R. Elizondo exerted operational and management control over THE PLAYBOY CLUB, including day to day management. They were and are, frequently present at, own, direct, control and manage the operations at THE PLAYBOY CLUB. They also control the nature, pay structure, and employment relationship of Plaintiffs and the FLSA Class Members.  Saint Adams and R. Elizondo had at all times relevant to this lawsuit, the authority to hire and fire employees of THE PLAYBOY CLUB, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation

and capital expenditures. Additionally, Saint Adams and R. Elizondo were responsible for the day-to-day affairs of THE PLAYBOY CLUB. In particular, they were responsible for determining whether THE PLAYBOY CLUB complied with the FLSA.

17.     The true names, capacities or involvement, whether individual, corporate, governmental or associate, of all managers and owners of THE PLAYBOY CLUB are unknown to Plaintiffs.  Plaintiffs pray for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiffs are informed and believe, and upon such information and belief alleges thereon, that each of the unknown Defendants is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiffs, as is hereinafter alleged.

18.     At all material times, THE PLAYBOY CLUB jointly with its members Saint Adams and R. Elizondo has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because it has more than two employees at the club engaged in commerce, and/or who regularly handled sold, or otherwise worked on goods and/or materials in their daily work that were moved in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1). Specifically, Defendants' employees have sold, handled or otherwise worked with goods- such as alcoholic beverages and a variety of foods- that have been moved or produced in interstate commerce to Defendants' patrons.  Additionally, Defendants' employees have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

19.     Furthermore, THE PLAYBOY CLUB and its members Saint Adams and R.

Elizondo have had, and continue to have, an annual gross business volume in excess of the statutory standard.

20.     At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed by THE PLAYBOY CLUB as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.     Plaintiffs are informed and believe that, at all relevant times herein, THE PLAYBOY CLUB and its managing members, The Players Club, LLC and Ronnie Elizondo engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

22.     Plaintiffs are informed and believe, and on that basis allege that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of Plaintiffs in that each of them exercised control over their wage payments and control over their duties.

23.     Plaintiffs are informed and believe, and on that basis allege, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

24.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendant.

## III.   **VENUE AND JURSIDICTION**

25.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

26.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiffs worked in this District.

## IV.   **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

(AGAINST ALL DEFENDANTS)

A.     FACTUAL ALLEGATIONS

27.     Defendants, The Players Club, LLC and Ronnie Elizondo. operate an adult-oriented entertainment facility (THE PLAYBOY CLUB)  located at  4000 N. PanAm Expressway, San Antonio, Texas 78291.  The picture below depicts the outside of the Club.

//

//

//

//

//

//

//

//

//



28.     At all times mentioned herein, Defendants The Players Club, LLC, Saint Adams Majesty and Ronnie Elizondo were managing members with operational control over THE PLAYBOY CLUB'S adult entertainment enterprise, and therefore, were "employer(s)" or "joint employer(s)" of Plaintiffs along with THE PLAYBOY CLUB. *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v Agnew,* 712 F.2D 1509, 1511 (1st Cir. 1983); see also *Hernandez v Larry Miller Roofing, Inc.,* 628 F. App'x 281, 284 (5th Cir. 2016).

29.     At all times during the three (3) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by THE PLAYBOY CLUB as "independent contractors" and have failed and refused to pay wages to such dancers.

30.     At all times relevant to this action, Defendants Saint Adams and R. Elizondo exercised a total operational and management control over the subject club, particularly in the

areas of terms and conditions of employment applicable to dancers and entertainers. They were, and are frequently present at, own, direct, control and manage the operations at THE PLAYBOY CLUB. They also control the nature, pay structure, and employment relationship of Plaintiffs and the FLSA Class Members. Saint Adams and R. Elizondo had at all times relevant to this lawsuit, the authority to hire and fire employees of THE PLAYBOY CLUB, the authority to direct and supervise the work of the employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, Saint Adams and R. Elizondo were responsible for the day-to-day affairs of THE PLAYBOY CLUB. In particular, Saint Adams and R. Elizondo were responsible for determining whether THE PLAYBOY CLUB complied with the FLSA.

31.     Plaintiff Morgan Bornholt worked as a dancer for Defendants from December 17, 2018 through March 20, 2020 and Plaintiff Viviann Acuna worked as a dancer for Defendants from December 13, 2010 through July 4, 2020. The primary duty of an entertainer is to dance and entertain customers and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

32.     Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

33.     Plaintiffs worked and performed at the adult-oriented entertainment facility THE PLAYBOY CLUB multiple shifts per week. Plaintiffs were an integral part of THE PLAYBOY CLUB'S business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

34.     Defendants[2] did not pay entertainers on an hourly basis.

---

[2] Defendants collectively are referenced herein, because they are collectively Plaintiffs' "employer" and/or "joint employer." See pars. 15, 27 and 29 for additional allegations.

35.     Defendants exercised significant control over Plaintiffs during their shifts and required Plaintiffs to work an entire shift.

36.     Defendants set prices for all VIP performances.

37.     Defendants charge the dancers a late fee if they do not arrive for a shift on time.

38.     Defendants controlled the means and manner in which Plaintiffs could perform.

39.     Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

40.     Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

41.     Plaintiffs were compensated exclusively through tips from THE PLAYBOY CLUB'S customers. That is, Defendants did not pay Plaintiffs whatsoever for any hours worked at their establishment.

42.     Defendants also required Plaintiffs to share their tips with Defendants, other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the house mother.

43.     Defendant THE PLAYBOY CLUB and  its managing members The Players Club, L.L.C and Ronnie Elizondo are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify the Plaintiffs about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of their tips and instead

required that they divide their tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants loses the right to take a credit toward minimum wage.

44.     Defendants Saint Adams and R. Elizondo provided and paid for all advertising and marketing efforts undertaken on behalf of Defendants.

45.     Defendants Saint Adams and R. Elizondo paid for the building used by the dancers at THE PLAYBOY CLUB  including maintenance of the facility, the sound system, stages, lights, beverages and inventory used at the facility.

46.     Defendants Saint Adams and R. Elizondo made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

47.     Defendants' opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at THE PLAYBOY CLUB.

48.     Nude dancing is an integral part of Defendants' operations. Defendants' advertising prominently displays nude dancing for its customers. THE PLAYBOY CLUB is well known as a "strip club."

49.     Defendants need entertainers like the Plaintiffs to successfully and profitably operate their business model.

50.     Defendants disciplined the entertainers for not following club rules.

51.     Defendants instructed the entertainers about when, where and how the entertainers were to perform their work, including controlling their music, equipment, schedule and attire.

52.     The position of entertainer requires no managerial skill of others.

53.     The position of entertainer requires little other skill or education, formal or otherwise.

54.     The only requirements to become an entertainer at THE PLAYBOY CLUB are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor.

55.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

56.     Plaintiffs were not paid an hourly minimum wage or *any* hourly wage or salary despite being present at THE PLAYBOY CLUB'S facility and required to work and entertain its customers at any time during a seven-plus (7+) hour work shift.

57.     Plaintiffs were not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at Defendants' facility and required to work and entertain its customers for longer than eight (8) hours per shift.

58.     The FLSA Class Members had the same pay structure and were under the same controls as Plaintiff.

59.     Plaintiffs and FLSA Class Members would work over forty (40) hours in some weeks each worked for Defendants.

60.     Defendants have never paid Plaintiffs and the FLSA Class Members any amount as wages whatsoever and have instead unlawfully required Plaintiff and FLSA Class Members to pay them for the privilege of working.

61.     The only source of monies received by Plaintiffs (and the class they seek to represent) relative to their employment with THE PLAYBOY CLUB came in the form of gratuities received directly from customers, a portion of which Plaintiffs and the FLSA Class Members were required to pay to Defendants.

62.     Although Plaintiffs and the FLSA Class Members are required to and do in fact

frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violates the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

63.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance with the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

64.     Plaintiffs and FLSA Class Members who worked at THE PLAYBOY CLUB performed precisely the same job duties - dancing and entertaining.

65.     Plaintiffs and FLSA Class Members who worked at THE PLAYBOY CLUB during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

66.     Plaintiffs and FLSA Class Members at THE PLAYBOY CLUB were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

67.     Plaintiffs and FLSA Class Members at THE PLAYBOY CLUB during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

68.     Plaintiffs and the FLSA Class Members at THE PLAYBOY CLUB, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

69.     As a result of Defendants' across-the-board, standard operating procedure of

mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainly that numerous other current and former dancers and entertainers who worked at THE PLAYBOY CLUB during the applicable limitations period would elect to participate in this action if provided notice of same.

70.    Upon information and belief, more than one hundred (100) dancers and entertainers have worked at THE PLAYBOY CLUB during the three (3) to five (5) years prior to the filing of this action.

71.    Plaintiffs are "similarly situated" to the 29 U.S.C. § 216(b) class of persons they seek to represent and will adequately represent the interests of the class.

72.    Plaintiffs have hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

73.    Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiffs or any other entertainer and failed to maintain and furnish wage statements to Plaintiffs.

74.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.    The time of day and day of week on which the employees' work week begins;

b.    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.    The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.     The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

75.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and the FLSA Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs hereby notify Defendants of their intent to rely on *Anderson* to provide the extent of her unpaid work

### B.    INDIVIDUAL LIABILITY UNDER THE FLSA

76.     In *Lamonica v. Safe Hurricane Shutters, Inc.*, the U.S. Court of Appeals for the Eleventh Circuit held that individuals can be liable for FLSA violations under an expansive

interpretation of "employer" for directors and officers. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit stated "[t]he dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).

77.     Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA and is subject to liability. *Lambert v. Ackerley* 180 F.3d 997 (9th Cir. 1999). Factors related to "economic control," include ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.  *Gray*, 673 F.3d at 355 (citing *Williams v. Henagan*, 595 F.3d 610, 615 (5th Cir. 2010)).

78.     Saint Adams and R. Elizondo, as Members and employers, are individually liable for failing to pay Plaintiffs' wages. The actual identities of other managers and owners are unknown at this time. As stated before, Plaintiffs may be amending this lawsuit to add individuals whose identities are as yet unknown, but who may also be liable to Plaintiffs and the class pursuant to *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).

## V.     COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

80.     Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic

dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

81.     Plaintiffs have actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiffs worked with other dancers/entertainers at THE PLAYBOY CLUB. As such, they have firsthand personal knowledge of the same pay violations throughout Defendants' club. Furthermore, other exotic dancers/entertainers at Defendants' club have shared with them similar pay violation experiences as those described in this Complaint.

82.     Other employees similarly situated to Plaintiffs work or have worked at THE PLAYBOY CLUB but were not paid overtime at the rate of one and one-half (1 ½) their regular rate when those hours exceeded forty (40) hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

83.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40). Defendants have also denied them full compensation at the federally mandated minimum wage rate.

84.     FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

85.     FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

86.     FLSA Class Members regularly work or have worked and did not receive minimum wage.

87.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

88.     As such, FLSA Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

89.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

90.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

91.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

92.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

93.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

94.     Although the exact number of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

95.     As such, Plaintiffs brings their FLSA claims as a collective action on behalf of the following class:

**All of Defendants' current and former exotic dancers/entertainers who worked at THE PLAYBOY CLUB located in San Antonio, Texas at any time starting three years before this Complaint was filed.**

**VI.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206**

**(By Plaintiffs Individually and on Behalf of the Collective**

**Against All Defendants)**

96.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

97.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

98.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

99.    Defendants failed to pay Plaintiffs minimum wage in violation of 29 U.S.C. § 206.

100.    Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the minimum wage under the FLSA.

101.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

102.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant

to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. § 207**

**(By Plaintiffs Individually and on Behalf of the Collective**

**Against All Defendants)**

103.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

104.    Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

105.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

106.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

107.    Defendants failed to pay Plaintiffs the applicable overtime wage for each hour in excess of forty (40) during each workweek in which they worked in violation of 29 U.S.C. § 207. Plaintiffs at a minimum worked 40 hours per week, but often times these hours would increase to close to 60 hours per week if the club was busy.   Oftentimes, this would result in Plaintiffs working shifts much longer than 8 hours without break, and with no compensation other than tips Plaintiffs were then forced to share with non-tipped employees.

108.    Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the overtime wage required under the FLSA.

109.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants'

conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were unlawful.

110.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

**UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

**(By Plaintiffs Individually and on Behalf of the Collective**

**Against Defendants)**

111.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

112.    Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

113.    At all relevant times,  Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

114.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

115.    Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

116.    Under TIPA:

[a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

117.    Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and floor men in violation of TIPA.

118.    Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customer leaving the tips (such as the Club DJ, security, and management). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

119.    The contribution Defendants required Plaintiffs to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiffs or other dancers; rather, it was imposed upon Plaintiffs and other dancers.

120.    By requiring Plaintiffs to pool their tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiffs in violation of the FLSA.

121.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs.

122.    At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiffs to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay

Plaintiffs the proper amount of the tips to which they were entitled.

123.    Defendants' willful failure and refusal to pay Plaintiffs the tips they earned violates the FLSA.

124.    Defendants  kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and door men in violation of TIPA.

125.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiffs are entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## FOURTH CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

126.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

127.    Defendants required Plaintiffs to pay monetary fees to Defendants and other THE PLAYBOY CLUB employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

128.    Defendants' requirement that Plaintiffs pay fees to Defendants and other THE PLAYBOY CLUB employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

129.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

130.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiffs are classified as illegal kickbacks.

131.     Plaintiffs are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay in order to work at THE PLAYBOY CLUB, involving but not limited to house fees and tip sharing.

## FIFTH CAUSE OF ACTION

### FORCED TIPPING & SUBSIDIZATION OF OWNERSHIP, 29 C.F.R. § 531.35

### (By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)

132.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

133.     Defendants required Plaintiffs to pay monetary fees to other THE PLAYBOY CLUB employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

134.     Defendants' requirement that Plaintiffs pay fees to other THE PLAYBOY CLUB employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

135.     Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

136.     Plaintiffs are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay other employees in order to work at THE PLAYBOY CLUB, involving but not limited to forced tip sharing.

### DEMAND FOR JURY TRIAL

137.     Plaintiffs hereby demand a trial by jury for all such triable claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief:

1.     For compensatory damages according to proof at trial of at least $100,000;

2.     For special damages according to proof at trial;

3.     For restitution of unpaid monies;

4.     For attorneys' fees;

5.      For costs of suit incurred herein;

6.      For statutory penalties;

7.      For civil penalties;

8.      For pre-judgment interest;

9.      For post-judgement interest;

10.     For general damages in an amount to be proven at trial;

11.     For injunctive relief; and

12.     For such other and further relief as the tribunal may deem just and proper.

Dated: January 25, 2021                    Respectfully submitted,

                                           */s/  Jarrett L. Ellzey*
                                           Jarrett L. Ellzey
                                           Texas Bar No. 24040864
                                           Leigh S. Montgomery
                                           Texas Bar No. 24052214
                                           Ghazzaleh Rezazadeh
                                           Texas Bar No. 24072301
                                           **HUGHES ELLZEY, LLP**
                                           1105 Milford Street
                                           Houston, Texas 77006
                                           Telephone: (713) 554-2377
                                           Fax: (888) 995-3335
                                           jarrett@hughesellzey.com
                                           leigh@hughesellzey.com
                                           ghazzaleh@hughesellzey.com

                                           ***Attorneys for Plaintiffs***